UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| FRED WHITE, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) Case No. 5:17-cv-01170-HNJ |
| NATIONAL FIRE & MARINE INSURANCE, | ) ) ) ) |
| Defendant | ) ) |

## **MEMORANDUM OPINION AND ORDER TO REMAND**

This action for breach of an insurance contract proceeds before the court sua sponte to assess the basis for subject matter jurisdiction. Because the amount in controversy in this case falls far below the threshold to warrant the exercise of diversity subject matter jurisdiction, the court **ORDERS** the Clerk of Court to **REMAND** this case to state court.

## **BACKGROUND**

Plaintiff Fred White commenced this action by filing a complaint in the Morgan County Circuit Court. (Doc. 1-1 at 3-5). The complaint alleges a single breach of contract claim, and further declares that White "suffered the loss of his trailer" and "lost the use of his trailer and the income he would have made had he had a trailer." (Doc. 1-1 at 3). Plaintiff demands "compensatory and punitive damages, in a sum the Court and jury deem just . . . ." (Doc. 1-1 at 4). As indicated, White did not request a specific

sum of damages in his complaint. Essentially, White sued the Defendant, National Fire & Marine Insurance, for refusing to pay on an insurance policy covering a conversion trailer, which sustained severe damage while deployed on a farm to haul wheat.

While the case was pending in state court, National Fire served requests for admissions pursuant to Alabama Rule of Civil Procedure 36. The requests sought admissions to the following assertions:

1. That the Plaintiff seeks damages in this action in excess of $75,000, exclusive of costs and interest.

2. That the amount in controversy in this action exceeds $75,000, exclusive of costs and interest.

3. That Plaintiff will request and demand damages in excess of $75,000 in this action.

4. That Plaintiff intends to request a fact-finder in this case to return a verdict in excess of $75,000, exclusive of costs and interests.

(Doc. 1-1 at 39). White did not respond to National Fire's requests for admission.

Shortly after White's failure to answer the requests for admission, National Fire removed this action to federal court. In its Notice of Removal, National Fire invokes the diversity subject matter jurisdiction of this court pursuant to 28 U.S.C. § 1332.[1] The Notice asserts White domiciles in Alabama and identifies National Fire's place of

---

[1] Title 28 U.S.C. § 1332 reads in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." 28 U.S.C. § 1332(a)(1).

incorporation and principal place of business as Nebraska.[2] National Fire contended the action satisfied the $75,000 amount-in-controversy requirement because White failed to respond to the requests for admission that his damages exceeded the jurisdictional floor, thus deeming the requests admitted.

After the parties submitted summary judgment briefs and materials – although White only submitted an eight-page response – the court discerned for the first time that White only paid approximately $19,000 for the trailer at issue in the dispute, and he only insured it for $19,000. Therefore, the court issued an Order to Show Cause questioning the exercise of diversity subject matter jurisdiction over this action. National Fire responded with arguments centered on White's failure to respond to the requests for admission, while White did not respond.

## ANALYSIS

The foregoing background readily establishes the necessity for remand of this case to state court: the evidence in this case conclusively establishes that the amount in controversy in this action constitutes no more than approximately $19,000, far less than the jurisdiction threshold of $75,000. For this reason, the court will remand this action to state court.

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911

---

[2] As a result, there exists complete diversity between the parties because they are citizens of different states.

3

(11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As a result, federal courts possess "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

National Fire invokes diversity jurisdiction as the basis for the court's exercise of subject matter jurisdiction. As reflected previously in describing diversity jurisdiction, 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Title 28 U.S.C. § 1441 allows defendants to remove actions from state court that portray a basis for original jurisdiction in federal district courts.

In actions removed by a defendant pursuant to purported diversity jurisdiction, the court shall deem the "sum demanded in good faith in the initial pleading [as] the amount in controversy." 28 U.S.C. § 1446(c)(2). As reflected previously, White did not request a sum certain in his complaint. Where a complaint is silent on the amount of damages sought, a defendant's notice of removal may assert the amount in controversy if the complaint seeks nonmonetary relief; if a state prohibits specific damage requests in initial pleadings; or if a state "permits recovery of damages in excess of the amount demanded." *Id.* at § 1446(c)(2)(A)(i) & (ii). White's circumstances

correspond to the latter specification, as he may recover a money judgment on his breach-of-contract claim in excess of the unspecified amount sought in his complaint.

In actions removed from state court, the "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). When a plaintiff or a court challenges the defendant's amount-in-controversy allegation, however, proper jurisdiction persists "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). "Both sides" may "submit proof" concerning the amount in controversy, and the district court must decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

In assessing the basis for diversity jurisdiction, "'the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting H.R. Rep. No. 112–10, p. 16 (2011)). The preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *see also Dart*, 135 S. Ct. at 554 ("'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.'") (quoting H.R. Rep. No. 112–10, p. 16 (2011)). "What counts is the amount in

5

controversy at the time of removal." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

In conducting its analysis, the district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" and may use "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Pretka*, 608 F.3d at 754. "[E]stimating the amount in controversy is not nuclear science," and "the undertaking is not to be defeated by unrealistic assumptions that run counter to common sense." *S. Fla. Wellness*, 745 F.3d at 1317. In the same vein, gamesmanship in pleading can neither create nor defeat a court's jurisdiction. *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014).

As foreshadowed earlier, the action at bar unequivocally does not advance an amount in controversy close to the $75,000 jurisdictional threshold. In the parties' submissions regarding Defendant's summary judgment motion, the court discerned that the trailer at issue cost Plaintiff $19,000, which is far less than the $75,000 jurisdictional floor. Moreover, the policy establishes that White insured the trailer at a value of $19,000. (Doc. 17-3 at 14).

To be sure, White claims lost income due to the loss of his trailer, which conceivably could merit damages greater than $75,000. However, this action involves a single claim – breach of an insurance contract – that does not afford White compensatory and punitive damages. *See United Servs. Auto. Ass'n v. Wade*, 544 So. 2d

6

906, 913 (Ala. 1989) ("The '"law in this state does not permit recovery for personal injury, inconvenience, annoyance, or mental anguish and suffering in an action for breach of a contract of insurance.' . . . In a legitimate contract dispute over insurance coverage where there is no wrongful conduct by the insurer, mental anguish damages would not be recoverable.") (citations omitted); *Liberty Nat. Life Ins. Co. v. Stringfellow*, 92 So. 2d 924, 926 (Ala. Ct. App. 1956) ("The general rule as to damages for breach of a contract is that only those damages are recoverable which are the natural and probable result of the breach of the contract, and could be reasonably contemplated by the parties as a probable result of the breach. . . . It is further a basic principal of law governing the liability of an insurer that such liability is to be determined by the provisions of the insurance contract.") (citation omitted). Furthermore, "profits are too remote and cannot be recovered when they are not the immediate fruits of the principal contract, but are dependent on collateral engagements not brought to the notice of the contracting parties. In addition, . . . compensatory damages for lost profits are not allowed if they are too speculative." *Garrett v. Sun Plaza Dev. Co.*, 580 So. 2d 1317, 1320 (Ala. 1991) (citations omitted).[3]

Most importantly, the parties' insurance contract forecloses White's recovery of lost income, as it provides the following coverage limitations on White's trailer:

---

[3] "It is well established that when a federal court considers a case that arises under its diversity jurisdiction, the court is to apply state substantive law and federal procedural law." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).

    C. –    Limit of Insurance
1.    The most we will pay for "loss" in any one "accident" is the lesser of:
    a.    The limit of liability shown in the schedule of this endorsement for the involved "auto", or
    b.    The actual cash value of the damaged or stolen "auto" as of the time of the "loss", or
    c.    The cost of repairing or replacing the damaged or stolen "auto" with another of like kind or quality,

less the applicable deductible.

(Doc. 17-3 at 33). The limit of liability for White's trailer reflects a $19,000 value (Doc. 17-3 at 14), so the most White can obtain under the policy is that amount.

At best, the policy covers White's purported lost income in a provision concerning "loss of use expenses" for "hired auto liability." (*Id.* at 26). However, "hired auto liability" refers to damages inflicted upon a rental vehicle, (*id.*), which do not apply to White's insurance claim because he avers compensable damage to his own trailer. Moreover, even if the loss-of-use-expenses provision covers White's trailer, the policy caps such coverage at $600. (*Id.* at 26). Therefore, National Fire has not established by the preponderance of the evidence that this action satisfies § 1332's amount-in-controversy requirement.

The only evidence National Fire proffers in opposition to remand constitutes the deemed admission resulting from White's failure to respond to the requests for admission. Failing to respond to a request for admission renders the matter admitted

8

conclusively, *see* Fed. R. Civ. P. 36(a)(3) & (b), subject to the court's discretion as described *infra*.

As an initial matter, there exists no need to linger on the issue whether the failure to respond to requests for admissions constitutes an "other paper" warranting removal pursuant to 28 U.S.C. § 1446(b)(3).[4] The principle case cited for National Fire's proposition that a failure to respond constitutes an "other paper" -- *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) – clearly holds that the defendant therein established the amount-in-controversy in reliance upon concrete evidence evincing damage calculations in excess of the jurisdictional minimum, buttressed by the plaintiff's failure to "deny the damages exceeded the jurisdictional amount when given the opportunity." *Id.* at 949. As reflected, *Sierminski* does not authorize reliance upon deemed admissions alone in determining the amount in controversy. Furthermore, the case the court relied upon in the Order to Show Cause for the assertion that mere silence does not establish the amount in controversy -- *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001) – adopts *Sierminski*'s methodology for reviewing notices of removal, yet it does not mention authorization of deemed admissions as "other paper."

In any event, the question remains whether White's deemed admission sustains National Fire's burden to preponderantly demonstrate that the amount in controversy

---

[4] A defendant may remove an action "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

9

exceeds the $75,000 jurisdictional threshold. "'[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.'" *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1367-68 (S.D. Ala. 2018) (quoting *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)). As a result of this directive, the "other paper" a defendant relies on for removal must "clearly" and "unambiguously" establish federal jurisdiction. *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1224 (N.D. Ala. 2012) (citing *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1213 n. 63, 1218 (11th Cir. 2007)).

More concretely, the "scope and effect of admissions (like the scope and effect of stipulations) is a matter for determination by the trial court, in the exercise of its broad discretion." *Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 204 F.3d 1335, 1341 (11th Cir. 2000). Applying the foregoing precept in *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264 (11th Cir. 2003), the Eleventh Circuit rejected a deemed admission purportedly establishing conclusive damages in excess of $2,000,000: "the Request for Admission asserted an amount that was not based on any specified fact," and "there was nothing in the Request for Admission or Complaint that established, or even suggested, facts that supported a concrete, actual damage amount." *Id.* at 1266; *see also Hartley & Parker, Inc. v. Fla. Beverage Corp.*, 348 F.2d 161, 162-63 (5th Cir. 1965) (Even if defendant's failure to swear to answer to requests for admissions (as required by Rule 36 at that time) meant that requests stood admitted, plaintiff was not entitled to judgment where the clear

10

evidence refuted the admissions.[5] ; *c.f.*, *In re Kemper Ins. Companies*, No. CIV.A.1:02CV1198-GET, 2003 WL 25672797, at *2 (N.D. Ga. June 17, 2003) ("Rule 36 is not intended to establish facts which are obviously in dispute or to answer questions of law.") (citing *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989)). As countenanced by the Eleventh Circuit, courts should not heed a "failure to respond to a Request for Admission that may allege a completely unreasonable or speculative amount of damages with no factual basis." *Anheuser Busch*, 317 F.3d at 1266 (citing, *inter alia*, *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 73 (1st Cir. 1982) ("[I]f a district court reviewing the evidence concludes that no rational fact finder could believe the facts established by the admissions to be true, the court might permit withdrawal or amendment so long as the party who obtained the admissions is not otherwise prejudiced.").

Based upon the foregoing review of applicable precedent and authority, White's deemed admissions purportedly establishing an amount in controversy over $75,000 – operative by virtue of his failure to respond to requests for admissions – do not "clearly" and "unambiguously" withstand the concrete evidence that his claim does not exceed $19,000. White's deemed admission does not rest on "any specified fact"; as reflected earlier, the clear evidence of record indicates that White's policy with National Fire limited his insurance claim to $19,000. Far from being ambiguous, there exists no

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

11

doubt about diversity jurisdiction in these circumstances: the court preserves none because the amount in controversy falls far below the $75,000 jurisdictional threshold.

As one court discerns, retaining diversity jurisdiction in these circumstances impermissibly authorizes the parties' consent to, or waiver of, subject matter jurisdiction:

> With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). * * *
>
> The defendant's argument is based on the plaintiff's failure to answer a request for admission in state court directed to the existence of the jurisdictional minimum. The Court finds, however, that this failure to answer cannot support this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed.

*Jones v. AAA Club Family Ins. Co.*, No. CIV.A. 07-6988 C(1), 2007 WL 4365443, at *1 (E.D. La. Dec. 10, 2007); *c.f.*, *Mabry v. Gov't Employee's Ins. Co.*, 267 F. Supp. 3d 724, 729, 730 (N.D. Miss.), *reconsid. denied*, 268 F. Supp. 3d 885 (N.D. Miss. 2017) ("If a denial of a request for admission could definitively establish jurisdiction in this Court, such a rule would be tantamount to allowing parties to improperly consent to jurisdiction even in the face of other undisputed evidence showing the absence of the requisite amount in

12

controversy. . . . Rather, the denial of a request for admission, like a refusal to stipulate to the amount in controversy, may be considered as a relevant factor in the amount-in-controversy inquiry.") (citations & footnote omitted).

Finally, National Fire beseeches this court to order on remand that White is judicially estopped from pursuing damages in excess of $75,000, and that National Fire shall be permitted removal should White seek damages in such an amount. In the absence of subject matter jurisdiction, the court cannot issue an order adjudging the merits of a remanded case. *See United States v. Straub*, 508 F.3d 1003, 1008-10 (11th Cir. 2007) (courts may issue enforceable orders in cases lacking subject matter jurisdiction so long as the orders only involve the imposition of punitive sanctions or do not assess the legal merits of the cases); *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.") (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a court determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits."); *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("We have held that a judge ordering a dismissal based upon lack of subject matter jurisdiction retains no power to make judgments relating to the merits of the case.")); *Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 568 (5th Cir. 1991) ("Unless a federal court

possesses subject matter jurisdiction over a dispute, therefore, any order it makes (other than an order of dismissal or remand) is void."). Therefore, the court cannot grant National Fire's requested relief.

However, National Fire may pursue its requested relief in state court. To the extent White pursued any position regarding the court's adjudication of the amount-in-controversy requirement, "the doctrine of judicial estoppel applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted." *Henriksen v. Roth*, 12 So. 3d 652, 658 (Ala. 2008) (citations and internal quotation marks omitted).

More fundamentally, the principles of collateral estoppel may bar White's pursuit of damages contravening the court's assessment of § 1332's amount-in-controversy requirement. A "federal court always has jurisdiction to determine its own jurisdiction . . . ." *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *see also United States v. Salmona*, 810 F.3d 806, 810 (11th Cir. 2016) ("Without subject matter jurisdiction, a court has no power to decide anything except that it lacks jurisdiction.") (citation omitted). And in assessing jurisdiction vis-à-vis the amount in controversy on a removed case, "'the district court must make findings of jurisdictional fact . . . .'" *Dart*, 135 S. Ct. at 554 (quoting H.R. Rep. No. 112–10, p. 16 (2011)). Therefore, the court's finding that White's breach-of-contract claim cannot garner damages above $19,000 constitutes a jurisdictional fact subject to applicable preclusion principles governing valid judgments.

Of course, ultimate determination of the preclusive effect of the court's jurisdictional finding cannot be afforded by this tribunal.[6]

## CONCLUSION

For the foregoing reasons establishing that the amount in controversy in this case falls far below the threshold to warrant the exercise of diversity subject matter jurisdiction, the court **ORDERS** the Clerk of Court to **REMAND** this case to the Morgan County Circuit Court.

**DONE** and **ORDERED** this 22nd day of May, 2019.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6] Alabama law imposes collateral estoppel if (1) an issue in a prior action was identical to the issue litigated in the present action; (2) the issue was actually litigated in the prior action; (3) resolution of the issue was necessary to the prior judgment; and (4) the same parties are involved in the two actions. *Walker v. City of Huntsville*, 62 So. 3d 474, 487 (Ala. 2010). Although the direct collateral doctrine would actually apply to this case on remand, the distinction would not occasion a difference in analysis. *See DuChateau v. Camp, Dresser & McKee, Inc.*, 713 F.3d 1298, 1302-03 (11th Cir. 2013) ("[A]lthough 'courts generally refer to the estoppel principles as collateral estoppel,' 'in the context of a retrial, the term 'collateral estoppel' is a misnomer . . . and the term 'direct estoppel' more appropriately characterizes the application of estoppel principles . . . .'' But our analysis 'remains the same, whether we refer to the application of estoppel principles as 'direct' or 'collateral.''") (citations and internal alterations omitted); *City Capital Res., Inc. v. White*, 29 F. Supp. 2d 334, 335-36 (S.D. W.Va. 1998) ("Direct estoppel is issue preclusion within a single claim or cause of action. Wright & Miller, Federal Practice & Procedure § 4418 (1981). The more common form of issue preclusion is *collateral estoppel*, which prevents relitigating an issue in a second case which was actually litigated in a prior, separate and distinct action. . . . . *Direct estoppel* is the narrower and more unusual situation 'where the issue is actually litigated and determined in an action between the same parties based upon the same cause of action.' *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 n.4 (5th Cir. 1974), *cert. denied*, 423 U.S. 837 (1975). Direct estoppel in federal decisions often involves rulings on subject matter jurisdiction. Wright & Miller § 4418.") (footnote omitted).